UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL JOE BRADLEY, <br><br> Plaintiff, <br><br> v. <br><br> PORTER, <br><br> Defendant. | CAUSE NO. 3:21-CV-745-JD-MGG |

OPINION AND ORDER

Daniel Joe Bradley, a prisoner without a lawyer, filed an amended complaint against ten defendants.[1] ECF 44. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bradley alleges Sgt. Mrs. Porter retaliated against him after he told her she should not have said to another inmate "get your white ass out of the chow hall" on

---

[1] The amended complaint lists the defendants on pages one through five. Several entries are clearly duplicates of other entries, but Defendant Roberson is varied enough to be unclear. Sgt. Mrs. Roberson is named on pages two and three. Sgt. Mr. Roberson is named on page five. Prior amended complaints name Sgt. Mrs. Leeth Roberson. ECF 33 and 42. Sgt. Mr. Roberson is not named in the body of this amended complaint and Sgt. Leeth is described separate from Officer Mrs. Roberson on page 11. It is possible these are all one person or they could be several people, but because this amended complaint does not state a claim against any of them, it is unnecessary to resolve this question.

July 30, 2021. ECF 44 at 6. He alleges from then until September 7, 2021, he was only allowed to go to work on the grounds crew three to five times. He alleges on September 1, 2021, Sgt. Mrs. Porter refused to let him leave the chow hall to go to work. It is unclear what other days he was prevented from working. It is unclear how many days he was scheduled to work. "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quotation marks omitted). Though he may not ultimately be able to prove the claim, liberally construing the complaint, it is plausible to infer Bradley is alleging Sgt. Mrs. Porter prevented him from working on numerous occasions in an attempt to chill his First Amendment rights. Such an allegation states a claim.

Bradley also names Sgt. Mr. Due[2] and Sgt. Mr. Winters,[3] in connection with this retaliation claim. He alleges they were supervisors of the ground crew. He does not allege they knew anything about the statement he made to Sgt. Mrs. Porter on July 30, 2021. He does not allege they ever prevented him from getting to work. The complaint does not allege facts from which it can be plausibly inferred that they retaliated against him.

---

[2] Also identified as Dew.

[3] Also identified as Winter.

2

Bradley alleges that on October 13, 2021, Westville Correctional Facility Warden John Galipeau and Assistant Warden Watts spoke to him about a letter he had written attempting to settle this lawsuit. He alleges he was ask if he was trying to bribe the warden. He told them, no. He was told he could be written up for bribery if he was attempting to bribe the warden. He was not written up. On February 4, 2022, Bradley alleges he had a similar conversation with them about bribery and the settlement letter, but the warden also asked where he lived and if he had a job. Though Bradley believes the warden asked because he wanted to take his job and move him, neither happened after the February conversation. Neither was he written up. These allegations do not state a claim for retaliation because Bradley did not suffer a deprivation.

Bradley alleges he was removed from the Recovery While Incarcerated drug treatment program and placed him in a dorm known for housing violent offenders on October 15, 2021. Bradley alleges he was transferred in retaliation for filing this lawsuit, but he does not say who was involved with this transfer nor explain why it is plausible to infer it was because he filed this lawsuit. In December 2021, he was transferred back to the kitchen/grounds crew dorm. He alleges he was sent to work in the kitchen as punishment for filing this lawsuit. It is unclear who was involved with the transfer. Moreover, the complaint does not plausibly explain how a reasonable inmate would be deterred from exercising his First Amendment rights by being transferred from a violent dorm where he was idle to a safer dorm where he had a job in the kitchen. None of these allegations state a claim.

Bradley alleges Sgt. Leeth, Officer Mrs. Roberson, and Sgt. Mr. Johnson woke him up on December 20, 2021. He alleges Sgt. Johnson told him to go to work. When Bradley refused, Sgt. Johnson allegedly said if Bradley did not get up, he would call the lieutenant and ask if he could beat Bradley. Bradley then got dressed and tried to go to work, but was told by another officer it was his day off. While it was unprofessional to have woken Bradley on his day off and threatened to ask permission to beat him, these allegations do not state a claim. Verbal abuse can constitute cruel and unusual punishment under the Eighth Amendment if the comments "made him a pariah to his fellow inmates and inflicted significant psychological harm on him." *Beal v. Foster*, 803 F.3d 356, 359 (7th Cir. 2015). Neither have been plausibly alleged here.

Bradley alleges the Indiana Department of Correction, Commissioner Robert Carter, Jr., and Warden John Galipeau failed to train their employees how to properly investigate and not retaliate. However, failure to train and supervise claims can only be brought against a municipality. *Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001) *citing Farmer v. Brennan*, 511 U.S. 825, 841 (1994) (affirming dismissal of failure to train and supervise claims brought against State warden). None of these defendants are a municipality. These allegations do not state a claim.

Bradley includes WCF Westville Correctional Facility in his list of defendants, but he does not identify any claims against it in the body of the complaint. Moreover, the prison is not a suable entity. *Cf. Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (The Knox County Jail is a building; it is not a suable entity.). The complaint does not state a claim against WCF Westville Correctional Facility.

4

For these reasons, the court:

(1) GRANTS Daniel Joe Bradley leave to proceed against Sgt. Mrs. Porter in her individual capacity for nominal and punitive damages for retaliating in violation of the First Amendment by allowing him to work on the grounds crew only three to five times from July 30, 2021, to September 7, 2021, because he told her she should not have said to another inmate "get your white ass out of the chow hall" on July 30, 2021;

(2) DISMISSES all other claims;

(3) DISMISSES Indiana Department of Corrections, John Galipeu, Robert Carter Jr., Due, Winters, Watts, Leeth Roberson, Johnson, and WCF Westville Correctional Facility;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Mrs. Porter at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 44);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Mrs. Porter to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 30, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT