UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANIEL JOE BRADLEY,

      Plaintiff,

        v.                        CAUSE NO. 3:21-CV-745-JD-JEM

PORTER,

      Defendant.

OPINION AND ORDER

Daniel Joe Bradley, a prisoner without a lawyer, is proceeding in this case "against Sgt. Mrs. Porter in her individual capacity for nominal and punitive damages for retaliating in violation of the First Amendment by allowing him to work on the grounds crew only three to five times from July 30, 2021, to September 7, 2021, because he told her she should not have said to another inmate 'get your white ass out of the chow hall' on July 30, 2021[.]" ECF 48 at 5. On March 20, 2023, Sgt. Porter filed a motion for summary judgment, arguing Bradley did not exhaust his administrative remedies before filing suit. ECF 96. With the motion, Sgt. Porter provided Bradley the notice required by N.D. Ind. L.R. 56-1(f). ECF 99. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to

evidence supporting each dispute of fact. This deadline passed almost a month ago, but Bradley has not responded. Therefore the court will now rule on Sgt. Porter's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the

burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh

Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438

F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file

complaints and appeals in the place, and at the time, the prison's administrative rules

require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Sgt. Porter provides an affidavit from the Grievance Specialist at Westville

Correctional Facility ("WCF"), who attests to the following facts:[1] During the time of the

incident alleged in Bradley's complaint, an Offender Grievance Process was in place at

WCF. ECF 96-1 at 2. The Offender Grievance Process requires offenders to complete

three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal

to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 3;

ECF 96-2 at 3. Bradley's grievance records indicate he did not complete any of these

steps prior to filing this lawsuit. ECF 96-1 at 7-8; ECF 96-3. Specifically, Bradley's

grievance records show he never submitted any grievance related to his claim that Sgt.

Porter retaliated against him between July 30, 2021, and September 7, 2021. *Id.* Bradley

submitted only one grievance during the relevant time frame, which requested a tablet

and was unrelated to his claim that Sgt. Porter retaliated against him. ECF 96-1 at 8; ECF

96-3; ECF 96-4.

---

[1] Because Bradley has not responded to Sgt. Porter's summary judgment motion, the court accepts the Grievance Specialist's attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

Here, because it is undisputed Bradley did not submit any grievance related to his claim against Sgt. Porter, and Bradley provides no evidence his administrative remedies were unavailable, Sgt. Porter has met her burden to show Bradley did not exhaust his available administrative remedies prior to filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS Sgt. Porters' motion for summary judgment (ECF 96); and

(2) DIRECTS the clerk to enter judgment in favor of Sgt. Porter and against Daniel Joe Bradley and to close this case.

SO ORDERED on May 12, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT